McGREGOR W. SCOTT
United States Attorney
KAREN A. ESCOBAR
Assistant U. S. Attorney
2500 Tulare Street
Fresno, California 93721
Telephone: (209) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:06-CR-0059 AWI |
| ) | |
| Plaintiff, ) | GOVERNMENT'S MOTION TO OBTAIN |
| ) | HANDWRITING SAMPLE AND ORDER |
| v. ) | |
| ) | Date: November 13, 2007 |
| FRANCHESKA BRIZAN, ) | Time: 11:00 a.m. |
| ) | Place: Courtroom Two |
| Defendant, ) | Honorable Anthony W. Ishii |
| ) | |
| ) | |
| _____) | |

I.   STATEMENT OF FACTS

Defendant FRANCHESKA BRIZAN is charged in this case with conspiring to distribute and to possess with intent to distribute cocaine (count one) and attempted possession of cocaine with intent to distribute (count three).  21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846.  The evidence will show that defendant FRANCHESKA BRIZAN is the wife of defendant PHILIP BRIZAN, a leader of the distribution cell responsible for obtaining cocaine and shipping it to the Philadelphia, Pennsylvania area.  The evidence will show that FRANCHESKA BRIZAN was not only aware of her husband's drug trafficking activities but participated in them by

1 facilitating drug transactions through her assistance in her
2 husband's trucking business, PC Express, handling finances, and
3 counseling PHILIP BRIZAN in the concealment of his activities.
4     To establish that the defendant participated in a drug
5 conspiracy, the government seeks to obtain handwriting samples from
6 the defendants to compare with handwriting on documents recently
7 received by the government from Douglas County Sheriff's Department
8 in connection with the seizure of the Freightliner truck driven by
9 co-defendant DAMON GUNN in which over $600,000 in cash and cocaine
10 residue was found.
11                      II.   ARGUMENT
12     It is well-settled that the taking of non-testimonial
13 exemplars from a defendant does not violate the Fourth or Fifth
14 Amendments.  Schmerber v. California, 384 U.S. 757, 760-64 (1966).
15 Handwriting samples are physical evidence, which are non-
16 testimonial in nature.  Accordingly, compulsion to submit to the
17 taking of a handwriting sample does not constitute a violation of
18 the defendant's constitutional rights.  See, e.g., Gilbert v.
19 California, 388 U.S. 263, 266-67 (1967)(a handwriting sample is
20 physical rather than testimonial evidence and therefore not
21 protected by the fifth amendment); United States v. Tanoue, 94 F.3d
22 1342, 1345 (9th Cir. 1996).
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

### III.  CONCLUSION

Based on the foregoing, the Government respectfully requests that the defendants be ordered to submit to the taking of handwriting samples in a manner directed by the Government.

DATED: November 3, 2007              Respectfully submitted,

                                     McGREGOR W. SCOTT
                                     United States Attorney


                                     By: /s/ Karen A. Escobar
                                         KAREN A. ESCOBAR
                                         Assistant U. S. Attorney


### O R D E R

IT IS HEREBY ORDERED that defendant FRANCHESKA BRIZAN allow Government agents to obtain handwriting samples from her in a manner directed by the Government.

IT IS SO ORDERED.

**Dated:    December 10, 2007**              /s/ Anthony W. Ishii
                                     UNITED STATES DISTRICT JUDGE