UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff**<br><br>v.<br><br>**FRANCHESKA BRIZAN,**<br><br>**Defendant** | CASE NO. 1:06-CR-59<br><br>ORDER DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

## I. Introduction

This matter arises from the guilty plea of Petitioner Francheska Brizan ("Petitioner"). On November 11, 2014 Petitioner brought a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. Section 2255. Petitioner's complaint alleges three grounds for relief. The first two grounds allege ineffective assistance of counsel prior to entering into her plea agreement. The third ground is a freestanding claim of factual innocence.

## II. Background

**A. Factual**

On or about January 1, 2000 and continuing to on or about May 22, 2006 Petitioner had actual knowledge of the fact that her husband and co-defendant, Phillip Brizan, and others had conspired to distribute and possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine. Doc. 485. During that time period, law

enforcement officers intercepted calls during wiretaps of cellular telephones used by the Petitioner and her husband. During one of the intercepted phone calls, Petitioner, with knowledge of a 38.5 kilogram cocaine transaction, attempted to conceal the transaction by telling her husband that he "should really change" phones and the other phone has a "totally different address." Doc. 485. at 8.

**B. Procedural**

On August 10, 2006 Petitioner was charged in a twenty-three count Third Superseding Indictment with (1) Conspiracy to Distribute and to Possess with the Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846; and (2) Attempted Possession with Intent to Distribute Cocaine and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and 18 U.S.C § 2. Doc. 98.  Petitioner was also charged in a single count Superseding Information with Misprision of a Felony, in violation of 18 U.S.C. § 4. Doc. 488. On October 10, 2009 Petitioner and her then counsel signed a plea agreement to plead guilty to Misprision of a Felony in violation of 18 U.S.C. § 4. Doc. 485 at 2. On August 29, 2011 Petitioner was sentenced to four months custody and 12 months supervised release. Doc. 634. As a result of that plea agreement, the government moved to dismiss the charges alleged in the Third Superseding Indictment as to Petitioner. Doc. 684 at 14.

On November 11, 2014 Petitioner brought a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Doc. 687. Petitioner asserts three grounds for relief: (1) that her attorney failed to advise her, in contravention of her Sixth Amendment right to counsel, that the superseding information was defective; (2) that her attorney failed to advise her, in contravention of her Sixth Amendment right to counsel, of her Fifth Amendment privilege against self-incrimination as it relates to the offense of Misprision of a Felony; and (3) that she is actually and factually innocent of the offense Misprision of a Felony.

### III. Legal Standard

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Under Rule 4(b) of the Rules Governing § 2255 Proceedings, when a court receives a § 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. *See United States v. Quan,* 789 F.2d 711, 715 (9th Cir.1986). Summary dismissal pursuant to Rule 4 is appropriate only where the allegations of the petitioner are "vague [or] conclusory," "palpably incredible" or "patently frivolous or false." *Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison,* 431 U.S. 63, 75-76.

## IV. Discussion

### A. Ineffective Assistance of Counsel Claims

A Petitioner cannot assert ineffective assistance of counsel in failing to investigate the case or failing to file pre-trial motions. Petitioner waived her pre-plea ineffective assistance of counsel claim when she entered her guilty plea. *United States v. Lopez–Armenta,* 400 F.3d 1173, 1175 (9th Cir.2005) (it is well-settled that an unconditional guilty plea cures all antecedent constitutional defects), *cert. denied,* 546 U.S. 891 (2005); *United States v. Cortez,* 973 F.2d 764, 767 (9th Cir.1992) (holding that guilty plea precluded defendant from challenging pre-plea selective prosecution claim but not from challenging knowing and voluntary character of his plea because of ineffective assistance of counsel); *United States v. Bohn,* 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (explaining that guilty plea generally waives all claims of a constitutional nature occurring before plea). The Supreme Court has noted:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea....

3

*Tollett v. Henderson,* 411 U.S. 258, 267 (1973). "[A] guilty plea represents a break in the chain of events which has proceeded it in the criminal process[.]" *Tollett,* 411 U.S. at 267. Thus, challenges to guilty pleas in the federal habeas context are generally limited to two major issues: (1) whether the plea was voluntary and intelligent; and (2) whether the petitioner received constitutionally adequate assistance of counsel with regard to the plea process. See *United States v. Broce,* 488 U.S. 563, 569 (1989).

Here Petitioner claims that the plea was not voluntary and intelligent *because* she received constitutionally inadequate counsel. Doc. 687 at 6. Petitioner claims that her attorney failed to move to dismiss the superseding information for failure to allege an essential element of the charged offense. Doc. 687 at 6. It appears that this first ground was therefore waived as it asserts ineffective assistance of counsel pre-plea agreement. However, in an abundance of caution, this Court will address this claim on the merits.

To establish a constitutional violation for ineffective assistance of counsel, a § 2255 petitioner must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the deficient performance prejudiced the petitioner. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005). To prove deficient performance of counsel, Petitioner must demonstrate that her attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." *Butcher v. Marquez,* 758 F.2d 373, 376 (9th Cir.1985). Courts must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and that counsel "exercised acceptable professional judgment in all significant decisions made." *See Strickland*, 466 U.S. at 689; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland,* 466 U.S. at 677–678; *Sanders v. Ratelle,* 21 F.3d 1446, 1456 (9th Cir.1994). However, "a poor tactical decision may constitute deficient conduct if the defendant [can] overcome the presumption that, under the circumstances, the challenged action might be considered sound … strategy." *Reynoso v. Giurbino,* 462 F.3d 1099, 1113 (9th Cir.2003) (quoting *Strickland,* 466 U.S. at 689).

To establish prejudice a defendant must "show that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler v. Cooper*, --- U.S. ----, 132 S. Ct. 1376, 1384 (2012).

**1. Failure to Challenge the Absence of Essential Element of Misprision**

Petitioner's first ground alleges that her attorney failed to advise her that the superseding information failed to allege an essential element of the crime. Petitioner claims the indictment failed to allege that she took an affirmative step to conceal a felony and as such, could have been dismissed prior to entering the plea deal. The indictment in any case must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged. . ." R. Crim. P. 7. An indictment that tracks the statutory language is generally sufficient to state a claim, but it must "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged." *Russell v. United States*, 369 U.S. 749 (1962); *United States v. Afshari*, 635 F. Supp. 2d 1110, 1121 (C.D. Cal. 2009). An indictment "need only set forth the essential facts necessary to inform the defendant of what crime she is charged; it need not explain all factual evidence to be proved at trial." *United States v. Blinder*, 10 F.3d 1468, 1476 (9th Cir. 1993).

What the above cases make clear is that the sufficiency of any indictment turns on the factual inquiry of whether enough was included to apprise the accused of the crime they are being charged with. Petitioner points to the following language in the superseding information as defective: "did conceal the same and did not, as soon as possible, make known the same to some person in civil authority under the United States, in violation of 18 U.S.C. § 4." Doc. 488 at 2. Petitioner claims this language falls short of alleging an affirmative act towards concealment of a felony which is required under 18 U.S.C. § 4. Doc. 687. at 11. The language of the superseding information accurately tracks the statutory language of 18 U.S.C. § 4. Also, at this stage the Court's focus is not on whether the indictment was insufficient at the charging stage but rather whether the factual basis admitted was sufficient to show a violation of the law. The factual basis alleged in the plea agreement contained all facts necessary to inform the Petitioner of the essential elements of the crime. Doc. 485 at 8. As stated in the plea agreement, "[s]he further took an affirmative step to conceal the crime by later advising PHILLIP BRIZAN he 'should really

change' phones and the other phone has 'a totally different address.'" Doc. 485 at 8. Petitioner cannot claim she was prejudiced by a defective indictment where the superseding information was filed for the purpose of the plea agreement itself. Petitioner was charged with 18 U.S.C. § 4, a lesser felony than she was previously charged with, as part of the agreement.[1] She was fully informed of all the facts necessary to inform her of the crime she was being charged with (see plea agreement, Doc. 486 at 8.). Petitioner has failed to convince this Court that there is any probability that the result of the proceeding would have been different had her attorney attempted to dismiss the superseding information.

**2. Failure to Advise of Fifth Amendment Privilege**

On direct appeal of her conviction, Petitioner raised the same issue she raises here; whether her charge of Misprision violated her Fifth Amendment rights. Although the Ninth Circuit found that she had waived her ability to raise this on appeal, they still stated "[W]e find no merit in Brizan's argument that the misprision charge violated her Fifth Amendment rights." *United States v. Brizan*, 709 F.3d 864, 866 (9th Cir.) *cert. denied*, 134 S. Ct. 151 (2013); Doc. 687 at 13. The Ninth Circuit left open the possibility of raising the issue in a collateral proceeding where a complete record can be developed. *United States v. Brizan*, 709 F.3d at 866. However, Petitioner alleges no new facts with respect to her claim of her Fifth Amendment Privilege against self-incrimination as it related to the superseding information.

It is well settled that a habeas petition is not a vehicle for challenging the decision of a federal appellate court. *See Feldman v. Henman,* 815 F.2d 1318, 1321–22 (9th Cir.1987). Consequently, a criminal defendant who raises a claim or issue on direct appeal may not again assert that same claim or issue in a section 2255 habeas corpus petition. *See U.S. v. Hayes,* 231 F.3d 1132, 1139 (9th Cir.2000); *United States v. Redd,* 759 F.2d 699, 701 (9th Cir.1985).

Although it appears that Petitioner is raising the same issue that was raised on direct appeal, in the interest of caution, this Court will address Petitioner's claim on the merits.

---

[1] Petitioner is reminded of Sections 3(f) and 4 of her plea agreement. *See* Doc. 485. If Plaintiff were successful in her motion to vacate, the Government could charge Petitioner with any or all of the charges alleged against her in the Third Superseding Indictment. *See* Doc. 98. If convicted of those offenses, Petitioner's sentence would be substantially longer than the sentence that she has already completed.

1    Ground two asserts that it was ineffective assistance of counsel for her attorney not to
2 advise her of her Fifth Amendment Privilege against self-incrimination as it related to the
3 superseding information. Doc. 687 at 6. Petitioner claims the superseding information sought to
4 hold her criminally responsible for failing to report to the authorities her own criminal conduct
5 and, as such, violated her Fifth Amendment Right. "Where the alleged error of counsel is a failure
6 to advise the defendant of a potential affirmative defense to the crime charged, the resolution of
7 the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have
8 succeeded at trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

9    Misprision of a felony requires not only failure to report a felony by one with actual
10 knowledge but also active concealment of a felony. 18 U.S.C.A. § 4. Concealment of a felony
11 under 18 U.S.C. § 4 requires that the defendant take an "affirmative step" towards concealment of
12 a felony. *United States v. Ciambrone*, 750 F.2d 1416, 1417 (9th Cir. 1984); *United States v.*
13 *Hodges*, 566 F.2d 674, 675 (9th Cir. 1977). The Ninth Circuit has previously held that a
14 misprision charge would be unconstitutional under the Fifth Amendment if it required a defendant
15 to report her own criminal conduct to the authorities. *United States v. Pigott*, 453 F.2d 419, 419
16 (9th Cir. 1971); *United States v. King*, 402 F.2d 694, 697 (9th Cir. 1968). Here, the Petitioner was
17 not required to report her own conduct nor was she charged for not reporting her own conduct.
18 Rather, the active concealment came in the form of Petitioner advising her husband of how to
19 avoid detection by law enforcement. The superseding information to which the Petitioner assigns
20 error merely sets out the elements of 18 U.S.C. § 4 - Misprision of a Felony, and the Petitioner's
21 violation of each. Doc. 488. Thus, assuming *arguendo* that Petitioner's counsel did not advise her
22 of her Fifth Amendment privilege, it is highly unlikely that the result of the proceeding would
23 have had been any different if she had been properly advised, since her Fifth Amendment privilege
24 was irrelevant to the Petitioner's charge of Misprision of a Felony. Therefore, this Court holds
25 Petitioner was not prejudiced and her claim must be dismissed.

### B. Factual Innocence Claim

27    The United States Supreme Court recently recognized – in the context of a petition for writ
28 of habeas corpus pursuant to 28 U.S.C. § 2254 – that "[t]he [Supreme] Court has not resolved

whether a prisoner may be entitled to habeas relief on a freestanding actual-innocence claim." *McQuiggin v. Perkins*, --- U.S. ----, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins,* 506 U.S. 390-404-405 (1993) ("'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits")). In this Circuit we have not only assumed that freestanding innocence claims are possible but also have articulated a minimum standard: "a habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Osborne v. District Attorney's Office for Third Judicial Dist.*, 521 F.3d 1118, 1130-1131 (9th Cir. 2008); *Carriger v. Steward,* 132 F.3d 463, 476 (9th Cir. 1997) (en banc).

In resolving Petitioner's claim, this Court will not decide the open questions surrounding freestanding actual innocence claims. Rather, it will assume, *arguendo*, that such claims are cognizable in the non-capital federal habeas context and will apply the standard set forth in *Carriger*.

Here, the petitioner has failed to meet her burden in affirmatively proving she is probably innocent. The elements of the crime of misprision of felony are: (1) the principal committed and completed the felony alleged; (2) the defendant had full knowledge of that fact; (3) the defendant failed to notify the authorities; and (4) the defendant took an affirmative step to conceal the crime. *United States v. Ciambrone*, 750 F.2d 1416, 1417 (9th Cir. 1984); *United States v. Hodges*, 566 F.2d 674, 675 (9th Cir. 1977). The Petitioner does not dispute the first three elements, only the fourth, that she did not take an affirmative step to conceal the crime. Petitioner claims that although she advised her husband to change phones, he did not actually follow this advice and did not change phones. Doc. 687 at 19. As such, Petitioner claims she did not take an affirmative step and cites *Neal* and *Brantley* for the proposition that intent not carried out is legally insufficient to constitute the affirmative act required for misprision of a felony. *Neal v. United States*, 102 F.2d 643, 650 (8th Cir. 1939); *United States v. Brantley*, No. 8:10-CR-298-T-30MAP, 2010 WL 4366347, at *2 (M.D. Fla. Oct. 28, 2010) *rev'd*, 461 F. App'x 849 (11th Cir. 2012). Setting aside for the moment that Brantley was reversed on the very grounds Petitioner cites as authority, these

8

cases clearly show that it is the defendant's actions which determine whether or not the defendant's intent is carried out. Here, Petitioner carried out her intent and took the affirmative step required for misprision of a felony the moment she advised her husband to obtain a new phone. Whether or not her husband chose to follow her advice has no bearing on the Petitioner's claim of innocence. Therefore, Petitioner has not met her duty of affirmatively proving she is probably innocent. Petitioner's claim of actual factual innocence must be dismissed.

## V. Certificate of Appealability

Absent a certificate of appealability ("COA") from the circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255." *Chafin v. Chafin,* ⎯⎯ U.S. ⎯⎯, 133 S.Ct. 1017, 1030 (2013) (Ginsburg, J., concurring, joined by Scalia & Breyer, JJ.). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant", Rule 11(a) of Rules Governing Sec. 2254 Cases. A COA may issue only if "'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]'" *In re Marciano,* 708 F.3d 1123, 2013 WL 703157, * 10 (9th Cir.2013) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The issuance of a COA is "a rare step." *Murden v. Artuz,* 497 F.3d 178, 199 (2d Cir. 2008) (Hall, J., concurring). There must be "something more than the absence of frivolity or the existence of mere good faith" to justify the issuance of a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 328 (2003); *see Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010).

Reasonable jurists would not find it debatable that the claims of Petitioner's § 2255 motion filed on November 14, 2014, failed to state valid claims of the denial of a constitutional right. Petitioner was not prejudiced by her attorney failing to dismiss the superseding information. Nor was she prejudiced by not being advised of her Fifth Amendment Privilege. Finally, Petitioner failed to affirmatively prove she is probably factually innocent of the underlying crime. No arguments opposing dismissal on these grounds are "adequate to deserve encouragement to proceed further." *Jennings v. Baker,* ⎯⎯ Fed.Appx. ⎯⎯, 2013 WL 830610, * 1 (9th Cir.2013) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983)). Accordingly, the Court will decline to

issue a COA.

## VI. Order

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Motion to Vacate is hereby DISMISSED;
2. The Court DECLINES to issue a Certificate of Appealability.

IT IS SO ORDERED.

Dated:   March 9, 2015

SENIOR DISTRICT JUDGE